FILED & JUDGMENT ENTERED
Christine F. Winchester

November 26 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Asheville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| **ILUMIVU, INC.,** | ) | Case No. 24-10169 |
| | ) | |
| Debtor. | ) | |

## ORDER CONFIRMING PLAN

This cause came before the Court on November 20, 2024 to consider confirmation of the *Plan of Reorganization* (the "Plan") [Doc. 33], filed by Ilumivu, Inc. (the "Debtor"). Robert Mays, Esq. appeared as the Subchapter V Trustee (the "Trustee"); John A. Northen, Esq. appeared for Pisgah Fund, LLC and Health Catalyst Capital Annex Fund I, LP; and Richard S. Wright, Esq. appeared for the Debtor. Based upon a review of the record, the evidence presented, and the arguments of counsel, the Court finds and concludes as follows:

1. The Debtor timely transmitted the Plan and an appropriate ballot conforming to Official Form No. 314 to its creditors, equity security holders, and all other parties in interest.

2. The confirmation hearing was held on due and proper notice to all interested parties.

3. Three classes of creditors and the class of equity interests voted to accept the Plan. *See Report of Voting on Plan of Reorganization* [Doc. 76].

4. No creditors voted to reject the Plan, and no objections to the Plan were filed or otherwise received.

5. All applicable requirements for consensual confirmation of the Plan set forth in 11 U.S.C. §§ 1129(a) and 1191(a) have been met.

6. Confirmation of the Plan is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

A. The Plan is incorporated herein by reference as if fully set forth;

B. The Plan is confirmed;

C. The Reorganized Debtor will be responsible for all distributions under the Plan and the Trustee's duties shall terminate upon substantial consummation of the Plan;

D. GreerWalker LLP is appointed as Chief Restructuring Officer (the "CRO") of the Reorganized Debtor upon the terms and conditions set forth in section 7.2 of the Plan;

E. All members, managers, officers, directors, employees, agents, insiders, and holders of Equity Interests in the Debtor and/or the Reorganized Debtor shall be restrained, enjoined, stayed and otherwise barred from exercising dominion or control over, and from taking any action with respect to, the property of the Debtor or the Reorganized Debtor to the exclusion of the comprehensive rights and authority of the CRO as set forth in the Plan. Further, all such persons shall cooperate with the CRO in the performance of its mandate pursuant to the Plan and shall not interfere therewith;

F. The findings and conclusions set forth in this Order are the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any findings of fact constitute conclusions of law, and *vice versa*, they are adopted as such; and

G. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation, interpretation, and enforcement of this Order and/or the Plan.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |